## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**ROBERT L. BROWN, JR.,**

**Petitioner,**

v.                                                          **CASE NO. 19-3216-SAC**

**(FNU) SCHNURR,**

**Respondent.**

## MEMORANDUM AND ORDER

This matter is before the Court on Motion to Dismiss (ECF No. 10) filed by Respondent. Petitioner has filed a Response (ECF No. 12), Respondent has filed a Reply (ECF No. 13), and Petitioner has filed a Surreply (ECF No. 15).   Having considered these filings, the Court finds this matter must be dismissed and the two other pending motions (ECF Nos. 14 and 16) should be denied as moot.

### Procedural History of the Case

**October 28, 2013.**  Petitioner was convicted in the District Court of Shawnee County, Kansas.  (Case No. 12-CR-1169).

**December 6, 2013.**  Petitioner was sentenced to 247 months' imprisonment.  Petitioner appealed.

**April 10, 2015.**  The Kansas Court of Appeals affirmed Petitioner's convictions and sentences.  *State v. Brown*, 346 P.3d 1112 (Table), 2015 WL 1782656 (Kan. App. 2012) (unpublished).

**January 25, 2016.**  The Kansas Supreme Court ("KSC") denied review.

**April 25, 2016.**  The time in which Petitioner could have filed for a writ of certiorari in the United States Supreme Court expired.

**January 6, 2017.**  Petitioner filed a motion for post-conviction relief pursuant to K.S.A. 60-1507 in the District Court of Crawford County.  (Case No. 17-CV-09).

**July 10, 2017.**  The district court denied relief.  Petitioner appealed.

**December 21, 2018.**  The Kansas Court of Appeals affirmed the district court's denial of Petitioner's K.S.A. 60-1507 motion.  *Brown v. State*, 432 P.3d 111 (Table), 2018 WL 6715411 (Kan. App. Dec. 21, 2018) (unpublished).

**June 25, 2019.**  The KSC denied review of Petitioner's K.S.A. 60-1507 motion.  *See* ECF No. 12-1.

**July 9, 2019.**  The KSC issued its mandate.  *Id.*

**October 25, 2019.**  Petitioner filed this action for federal habeas corpus relief under 28 U.S.C.  2254.

### Motion to Dismiss and Response

Respondent argues the petition must be dismissed because it was filed out of time.  Under Respondent's calculation, the limitations period expired on October 11, 2019, two weeks before Petitioner filed this action.

Petitioner responds that Respondent's calculation of the one-year limitation period is wrong in two regards: (1) Respondent used the date the KSC denied review of his K.S.A. 60-1507 motion (June 25, 2019) to restart the clock when the correct date should be the date the KSC issued its mandate (July 9, 2019); and (2) there were 109 days remaining in the limitation period when he filed his K.S.A. 60-1507 motion, rather than 108 days.  Petitioner concedes that

the second alleged error is not determinative as it does not result in a different filing deadline. However, the difference between the decision date and the mandate date is crucial: if the clock did not restart until the date of the mandate, Mr. Brown's petition was filed within the limitations period.

## Analysis

A prisoner in state custody has one year to file a federal habeas petition challenging a state conviction. 28 U.S.C. § 2244(d)(1). The act provides four alternative starting dates for the limitation period:

> The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(1)(A)-(D). The statute includes a tolling provision for properly filed post-conviction actions:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(2).

There has been no assertion that any provision other than § 2244(d)(1)(A) applies here, so the limitations period began to run on the date Petitioner's convictions became final. A

3

conviction becomes final for federal habeas purposes either after the U.S. Supreme Court denies review or, if no petition for certiorari is filed, 90 days after a final decision by the state's court of last resort. *United States v. Hurst*, 322 F.3d 1256, 1259 (10th Cir. 2003); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). The KSC denied review of Mr. Brown's convictions on January 25, 2016, and he did not seek review by the U.S. Supreme Court. Therefore, his convictions became final on April 25, 2016, and the one-year limitations period for filing a § 2254 petition began to run the next day. *See Hurst*, 322 F.3d at 1261.

The clock ran until January 6, 2017, when Petitioner filed a post-conviction motion for habeas corpus pursuant to K.S.A. 60-1507. This filing stopped the clock, tolling the limitations period after 256 days had passed. The clock remained stopped as Mr. Brown's 60-1507 motion was denied by the district court, the denial was affirmed by the Kansas Court of Appeals, and the KSC considered his petition for review.

The determinative question in this case is what date the clock started again. Under 28 U.S.C. § 2244(d)(2), so long as Petitioner's 60-1507 action was "pending", the limitations period remained tolled. The KSC denied review on June 25, 2019 but did not issue its mandate until July 9, 2019. If the clock started again on June 26, 2019, with 109 days remaining, the one-year limitations period expired on October 12, 2019 and Mr. Brown's § 2254 petition is untimely. If instead the clock restarted on July 9, 2019, the limitations period expired on October 25, 2019, and Mr. Brown's petition is timely.

The U.S. Supreme Court has held that "a state postconviction application 'remains pending' 'until the application has achieved final resolution through the State's postconviction procedures.'" *Lawrence v. Florida*, 549 U.S. 327, 332 (2007) (quoting *Carey v. Saffold,* 536 U.S. 214, 220 (2002)). "State review ends when the state courts have finally resolved an

application for state postconviction relief.  After the State's highest court has issued its mandate or denied review, no other state avenues for relief remain open." *Id.*

The Tenth Circuit, in an unpublished opinion, recently explained:

[S]tate habeas proceedings toll the federal habeas statute of limitations while those proceedings are "pending." 28 U.S.C. § 2244(d)(2). Trimble's state habeas proceedings were pending only until May 21, 2018, when the Colorado Supreme Court denied certiorari review. The next day statutory tolling ceased and the available time for filing a federal habeas petition resumed its relentless decline. *Lawrence v. Florida*, 549 U.S. 327, 332, 127 S.Ct. 1079, 166 L.Ed.2d 924 (2007) (tolling ceases under § 2244(d)(2) "[a]fter the State's highest court has issued its mandate or denied review").

*Trimble v. Hansen*, 764 F. App'x 721, 724 (10th Cir. 2019).

This Court previously considered the issue in *Palmer v. McKune*, No. 07-3007-SAC, 2008 WL 2051096 (D. Kan. May 13, 2008).  In *Palmer*, the petitioner filed a petition for review by the KSC of the denial of his 60-1507 petition.  The KSC denied his petition for review on December 19, 2006 but did not issue its final mandate for another two days.  *Id.* at *3.  The petitioner argued the statute of limitations should have been tolled until the KSC issued its final mandate.

The undersigned rejected Mr. Palmer's argument, relying on *Serrano v. Williams*, 383 F.3d 1181, 1184-85 (10th Cir. 2004), to find that the KSC's decision was final upon denial of review.  *Id.* at *4.  In *Serrano*, the Tenth Circuit likewise rejected the claim that the state supreme court's decision was not "final" for purposes of determining tolling of the statute of limitations under 28 U.S.C. § 2244(d)(1)(A) until the mandate issued.  The court reasoned that there was no action to be taken after the denial of review and thus no extension of the tolling was warranted.  *Serrano*, 383 F.3d at 1184.

Mr. Brown argues the KSC's decisions are not final under Kansas law until the mandate is issued.  However, the determination of finality for federal habeas purposes is made pursuant to

federal law. *See Clay v. United States,* 537 U.S. 522, 531 (2003) ("[F]inality for the purpose of § 2244(d)(1)(A) is to be determined by reference to a uniform federal rule."); *Graham v. Smelser*, 422 F. App'x 705, 707 (10th Cir. 2011). The Tenth Circuit has repeatedly found that the statute of limitations for filing a federal habeas petition is tolled until the KSC denies review of the prisoner's state habeas petition. *See Rojas-Marceleno v. Kansas*, 765 F. App'x 428, 432 (10th Cir. 2019) (limitation period tolled "until Kansas Supreme Court declined to review the denial of [Petitioner's 60-1507] petition"); *Edwards v. Roberts*, 479 F. App'x 822, 826 (10th Cir. 2012) ("The state proceedings on Edwards' § 60–1507 motion ultimately concluded on May 18, 2010, when the Kansas Supreme Court denied review."); *Davison v. Hannigan*, 136 F. App'x 121, 121–22 (10th Cir. 2005) (filing of 60-1507 motion tolled the habeas statute of limitations "until the Kansas Supreme Court denied review"); *Wallace v. Nelson*, 34 F. App'x 618, 619 (10th Cir. 2002) (limitations period tolled until "the day after the Kansas Supreme Court denied review of Mr. Wallace's second petition for collateral review").

Here, as soon as the KSC denied review on June 25, 2019, Mr. Brown's 60-1507 motion achieved final resolution and was no longer pending. The next day, statutory tolling ceased and "the available time for filing a federal habeas petition resumed its relentless decline." *Trimble*, 764 F. App'x at 724. The one-year limitations period expired on October 12, 2019, and Mr. Brown's § 2254 petition is untimely.

The remaining question is whether Mr. Brown is entitled to equitable tolling of the statute of limitations. Because the one-year limitation period is not jurisdictional, the period may be extended through equitable tolling, *Holland v. Florida*, 560 U.S. 631, 645 (2010), or "overcome" through "a credible showing of actual innocence." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been

pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs." *Wallace v. Kato,* 549 U.S. 384, 396 (2007). It is "to be applied sparingly." *Nat'l. R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 113 (2002).

Mr. Brown does not specifically argue for equitable tolling, but he mentions he consulted with an attorney who mistakenly used the KSC mandate date to calculate the restarting of the limitations clock. The U.S. Supreme Court has stated that "[a]ttorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel." *Lawrence*, 549 U.S. at 336–37. While Petitioner appears to have diligently pursued his rights, he has not shown that any extraordinary circumstance prevented timely filing of his § 2254 petition.

## Conclusion

For the reasons stated above, Respondent's Motion to Dismiss is granted, and the petition is dismissed as untimely.

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability ("COA") upon entering a final adverse order. A COA may issue only if the petitioner made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473,

484 (2000).  The failure to satisfy either prong requires the denial of a COA.  *Id.* at 485.  The Court finds nothing in the present record that suggests its ruling is debatable or an incorrect application of the law and therefore declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that Respondent's Motion to Dismiss (ECF No. 10) is **granted**.  This petition seeking relief under 28 U.S.C. § 2254 is dismissed as time-barred.

**IT IS FURTHER ORDERED** that Respondent's Motion for Extension of Time to File Answer (ECF No. 14) and Petitioner's Motion to Increase Page Limitation (ECF No. 16) are **denied** as moot.

**IT IS SO ORDERED.**

**DATED:  This 15th day of May, 2020, at Topeka, Kansas.**

**s/  Sam A. Crow**
**SAM A. CROW**
**U.S. Senior District Judge**